UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVONTAE MCCALL, | ) | Case No. 4:23-cv-00196 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Amanda M. Knapp |
| WARDEN H.L. RAY | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**OPINION AND ORDER**

In Case No. 4:21-cr-00686-3, Petitioner Davontae McCall pleaded guilty to aiding, abetting, and making false statements during the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). On October 21, 2022, the Court sentenced Mr. McCall to a Guideline sentence of 18 months imprisonment. (ECF No. 1-1, PageID #4.) Because the Guideline calculation placed Mr. McCall in Zone C of the sentencing table, the Court ordered a split sentence. Specifically, the Court ordered that "the first [nine] months" of the sentence be served in the custody of the Bureau of Prisons, "followed by [nine] months home detention." (*Id.*)

With credit for time served, Mr. McCall's projected release date was January 22, 2023. (ECF No. 1-2, PageID #5.) As of the date of this Order—February 1, 2023—Mr. McCall is still in custody at Hazelton FCI in Bruceton Mills, West Virginia. Proceeding *pro se*, Mr. McCall filed a habeas petition under 28 U.S.C. § 2241, requesting an order to compel Respondent Warden H.L. Ray to comply with the Court's ordered sentence. (ECF No. 1.)

This is not Mr. McCall's first habeas petition. In Case No. 4:21-cr-00686-3, Petitioner filed a "motion to compel or writ of mandamus," which the Court construed as a petition for habeas relief under 28 U.S.C. § 2241. On January 31, 2023, the Court transferred that petition to the Northern District of West Virginia given its lack of jurisdiction.

Mr. McCall's new petition warrants the same outcome. Section 2241 requires a district court to have personal jurisdiction over the petitioner's custodian. *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). The custodian is the individual that can produce the petitioner's body. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Generally, that is the warden of the petitioner's prison. *See Robinson v. Morrison*, 27 F. App'x 557, 557 (6th Cir. 2001). In this case, Mr. McCall is imprisoned in Bruceton Mills, West Virginia. Therefore, his custodian, Mr. Ray, is in the Northern District of West Virginia, and Mr. McCall can only bring his petition there.

Nevertheless, the Court declines to dismiss Defendant's petition. Under 28 U.S.C. § 1631, a district court *shall* transfer an action, including a habeas petition, for which it lacks jurisdiction to the appropriate court "if it is in the interest of justice." *See, e.g.*, *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003); *Wood v. Brown*, No. 2:20-cv-12576, 2021 WL 2311930, at *6 (E.D. Mich. June 7, 2021). Indeed, a district court abuses its discretion where it dismisses an action without determining whether a transfer is in the interests of justice. *Jackson v. L&F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009). Here, the interests of justice support a transfer to the Northern District of West Virginia. Dismissal would cause Mr. McCall

unnecessarily to incur additional expenses and delay the resolution of his petition, which seeks to effect the sentence imposed. *See Roman*, 340 F.3d at 329. Accordingly, the Court **ORDERS** the Clerk to **TRANSFER** this action to the Northern District of West Virginia forthwith.

    **SO ORDERED.**

Dated: February 2, 2023

                      J. Philip Calabrese
                      United States District Judge
                      Northern District of Ohio